**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| EDGAR MARZANA GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC.,<br><br>Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, by and through the undersigned counsel, hereby alleges, based upon Plaintiff's personal knowledge, information and belief, and investigation of counsel, as follows:

## INTRODUCTION

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

2. This action arises from LexisNexis's repeated inclusion of two State Farm insurance claims belonging to another person in Plaintiff's insurance loss history and consumer reports, even though LexisNexis's own data showed that both claims occurred outside the period when Plaintiff was associated with the relevant

policy.

3. The first claim, Claim No. 0657M735X231008, had a date of loss of October 8, 2023 - before Plaintiff had met the policyholder and months before Plaintiff joined the policy. The second claim, Claim No. 06R7804P7250920, had a date of loss of September 20, 2025 - after Plaintiff had left the policy.

4. LexisNexis furnished the misleading loss information in connection with Plaintiff's applications for automobile insurance. State Farm denied Plaintiff insurance on September 23, 2025, based in part on a LexisNexis consumer report that included the October 8, 2023 claim. After Plaintiff directly disputed both claims, LexisNexis failed to correct its reporting and State Farm again received the September 20, 2025 loss information in connection with a May 6, 2026 quote.

5. LexisNexis also obstructed Plaintiff's attempts to understand and correct his file. In response to Plaintiff's request for his own consumer disclosure, and despite receiving Plaintiff's identifying information, LexisNexis sent him a disclosure belonging to a different consumer. LexisNexis later repeatedly claimed that it could not verify Plaintiff's identity and failed for months to clearly and accurately disclose all information in Plaintiff's file.

6. Plaintiff seeks actual, statutory, and punitive damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1681n and 1681o.

## PARTIES

7. Plaintiff Edgar Marzana Garcia ("Plaintiff") resides in Greeley, Colorado and is a "consumer" under the FCRA

8. Defendant LexisNexis Risk Solutions Inc. ("Defendant" or "LexisNexis") is a consumer reporting agency headquartered at 1000 Alderman Drive, Alpharetta, Georgia 30005.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant maintains its principal place of business in this district.

## FACTS

### The Subject State Farm Policy

11. State Farm Policy No. 5419682B0106 belonged to Plaintiff's former spouse, Alondra Cuevas-Ruiz (the "Disputed State Farm Policy"). She maintained the policy before she met Plaintiff.

12. Plaintiff first met Ms. Cuevas-Ruiz in or around November 2023.

13. Plaintiff was added to the Disputed State Farm Policy on or about January 10, 2024, and was removed from the policy on or about September 12, 2025.

14. Claim No. 0657M735X231008 was made under that policy with a reported date of loss of October 8, 2023. The named claimant or person associated with the loss was Ms. Cuevas-Ruiz, not Plaintiff.

15. The October 8, 2023 loss predated Plaintiff's first meeting with Ms. Cuevas-Ruiz and predated Plaintiff's association with the policy by several months. Plaintiff had no connection to the policy or claim when that loss occurred.

16. Claim No. 06R7804P7250920 was made under the policy with a reported date of loss of September 20, 2025. That loss occurred after Plaintiff had been removed from the policy on September 12, 2025.

17. Plaintiff was not a claimant, driver, or person at fault in either Claim No. 0657M735X231008 or Claim No. 06R7804P7250920. Neither claim was part of Plaintiff's personal loss history.

**Plaintiff Applies for Automobile Insurance with State Farm and is Denied**

18. On or about September 23, 2025, Plaintiff applied for automobile insurance with State Farm and provided his personal identification information with authorization for State Farm to obtain his consumer report.

19. State Farm contracts with LexisNexis to purchase generated consumer reports about prospective buyers of automobile insurance.

20. On or about September 23, 2025, State Farm ordered a consumer report

about Plaintiff from LexisNexis.

21. On the same date, in accordance with its standard procedures, LexisNexis generated a consumer report about Plaintiff and sold the same to State Farm, and in said report, LexisNexis inaccurately published an insurance claim that did not belong to Plaintiff but instead his ex-wife.

22. On the same date, State Farm informed Plaintiff that it could not issue coverage for his vehicles due to information on his consumer report, namely a claim for an incident that occurred on October 8, 2023, under the Disputed State Farm Policy (before Plaintiff was ever on the such policy).

23. State Farm's notice advised Plaintiff that the decision was based, at least in part, on information contained in consumer reports obtained from LexisNexis.

24. Plaintiff was frustrated and distressed after State Farm declined to issue him automobile insurance coverage.

**Plaintiff's Credit File as of December 2025**

25. As a result of the denial of insurance coverage, Plaintiff suspected that LexisNexis was maintaining or reporting inaccurate information about him and immediately sought a copy of his consumer disclosure.

26. On or about September 29, 2025, Plaintiff submitted a request to

Defendant LexisNexis for a complete copy of his consumer file disclosure and included his identifying information, including his date of birth, mailing address, telephone number, email address, and driver's license information.

27. On or about October 13, 2025, LexisNexis sent Plaintiff a consumer file disclosure that belonged to an entirely different individual than Plaintiff and included a different social security number, driver's license, and numerous residential addresses primarily in New Mexico, none of which belonged to Plaintiff.

28. Plaintiff was shocked, confused, and concerned that LexisNexis had furnished him with another consumer's private identifying, insurance, and motor vehicle information instead of Plaintiff's own consumer disclosure.

29. Despite having received Plaintiff's personal identifying information, LexisNexis failed to provide Plaintiff with the consumer file maintained about him in violation of 15 U.S.C. § 1681g.

30. On or about October 22, 2025, Plaintiff submitted another request to LexisNexis for a complete copy of his own consumer disclosure.

31. On or about October 28, 2025, LexisNexis responded that it could not verify Plaintiff's identity.

32. From October through December 2025, Plaintiff repeatedly attempted to obtain his consumer disclosure through LexisNexis's online system.

33. On or about December 23, 2025, over two months later, Plaintiff finally received a copy of his own consumer disclosure maintained by LexisNexis.

34. Although Plaintiff updated his mailing address in his 1681g request to LexisNexis, his consumer disclosure was not mailed directly to him, and Plaintiff was forced to physically retrieve his consumer disclosure from his previous address.

35. As a result, Plaintiff was caused to miss time from work and terminated by his employer.

36. Upon reviewing the disclosure, Plaintiff was shocked to discover that LexisNexis had associated him with two (2) State Farm automobile insurance claims from October 8, 2023 and September 20, 2025, even though neither claim occurred while Plaintiff was insured under the Disputed State Farm Policy.

37. Plaintiff knew that the above claims should not be attributed to him because he was only insured under the Disputed State Farm Policy from January 10, 2024, to September 12, 2025.

38. Upon information and belief, Plaintiff was denied automobile insurance coverage and later quoted less favorable insurance terms than he would have received had LexisNexis not inaccurately reported insurance claims that did not belong to him.

39. By reporting the foregoing claims in the consumer file maintained

about Plaintiff, despite the fact that the insurance claims did not belong to him and occurred outside the period during which he was insured under the Disputed State Farm Policy, LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy of the credit information it published and maintained concerning Plaintiff.

**Plaintiff's February 2026 Dispute and Subsequent Disclosure Requests**

40. On February 3, 2026, Plaintiff directly disputed both claims with LexisNexis by email. Plaintiff identified each disputed item by claim number, date of loss, and policy number; explained the dates he joined and left the policy; stated that the claims belonged to another person; and supplied identification and proof of address.

41. Plaintiff's dispute was specific, supported, and sufficient to permit a reasonable reinvestigation. The temporal impossibility was apparent on the face of LexisNexis's own records: one loss predated Plaintiff's association with the policy and the other postdated it.

42. Plaintiff requested that LexisNexis conduct a reasonable reinvestigation, remove the inaccurate claims from his consumer file, and furnish him with a corrected copy of his consumer disclosure.

43. Despite Plaintiff's detailed dispute and the readily verifiable

discrepancy between the claim dates and Plaintiff's actual period of coverage, LexisNexis failed to timely provide Plaintiff with a corrected consumer disclosure demonstrating that the inaccurate claims had been removed.

44. LexisNexis failed to conduct a reasonable investigation of Plaintiff's February 2026 dispute, or any reinvestigation whatsoever, to determine whether the disputed information was inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

45. On March 3, 2026, Plaintiff again attempted to request his LexisNexis report online. On March 7, 2026, LexisNexis again stated that it could not verify his identity. Plaintiff submitted another disclosure request on March 8, 2026 and continued trying to obtain his file through May 2026.

46. LexisNexis's repeated inability or refusal to provide Plaintiff with timely access to his own consumer file prevented Plaintiff from readily confirming whether the inaccurate claims had been removed and compounded the burden of correcting his consumer information.

47. Although Plaintiff had already submitted sufficient identifying documents, LexisNexis responded to Plaintiff's plea with a form letter indicating that it could not verify Plaintiff's identity and would not process his request unless he submitted additional identification.

48. On May 6, 2026, more than ninety days after Plaintiff's direct dispute, State Farm obtained loss information from LexisNexis in connection with another application or quote for Plaintiff.

49. State Farm's representative told Plaintiff that the consumer report showed losses "reflecting in [his] name," and directed Plaintiff to LexisNexis to dispute the losses.

50. The post-dispute loss information included Claim No. 06R7804P7250920, dated September 20, 2025, even though Plaintiff had left the policy before the date of loss and had directly disputed the claim on February 3, 2026.

51. State Farm's quote was based in part on the loss information LexisNexis furnished.

52. Because of the inaccurate loss history, Plaintiff experienced difficulty obtaining affordable and adequate automobile insurance and ultimately obtained a materially limited, liability-only Loya Insurance policy.

53. LexisNexis's conduct caused Plaintiff to suffer an insurance denial, an inflated or unfavorable insurance quote, reduced insurance options, travel and related expenses, lost work and income, substantial time spent requesting and disputing his file, and loss of the benefit of his time.

54. Plaintiff also suffered anxiety, depression, frustration, embarrassment, sleeplessness, and ongoing worry about his financial stability and whether the false loss information would continue to affect future insurance decisions. These harms were especially acute while Plaintiff was navigating a divorce, supporting dependents, and living paycheck to paycheck.

55. LexisNexis knew or recklessly disregarded that inaccurate insurance-loss associations foreseeably cause denials, increased premiums, and reduced coverage options. Its own records supplied straightforward policy-association dates that contradicted the disputed claims, yet it furnished the information, failed to correct it after a detailed dispute, and repeatedly obstructed Plaintiff's access to his file.

56. At all times pertinent hereto, Defendant's conduct, as well as that of its respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

57. Defendant is aware of the shortcomings of its procedures and intentionally chooses not to comply with the FCRA to lower its costs. Accordingly, Defendant's violations of the FCRA are willful.

58. As a result of Defendant's conduct, action, and inaction, Plaintiff

suffered damages including but not limited to, the denial of automobile insurance; the loss of an opportunity to obtain his preferred insurance coverage from State Farm; the need to obtain less comprehensive coverage from another insurer; loss of ability to purchase and benefit from his true-risk profile; the expenditure of time and money disputing and trying to correct the inaccurate consumer reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate consumer reporting; loss of wages; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of insurance application denials and having another consumer's insurance claim information, including inquiries, mixed into Plaintiff's consumer file.

## COUNT I
## Violation of 15 U.S.C. § 1681e(b)

59. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

60. The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports. 15 U.S.C. §1681e(b).

61. LexisNexis prepared and furnished consumer reports concerning Plaintiff to State Farm in connection with insurance underwriting, including reports used on or about September 23, 2025 and May 6, 2026.

62. Those reports were inaccurate or materially misleading because they associated Claim Nos. 0657M735X231008 and 06R7804P7250920 with Plaintiff's loss history or insurance risk even though the claims belonged to another person and occurred outside Plaintiff's association with the policy.

63. LexisNexis failed to employ reasonable matching, temporal-validation, and quality-control procedures that would have prevented claims occurring before or after Plaintiff's policy participation from being attributed or presented as relevant to him.

64. LexisNexis's failure was particularly unreasonable because its own file identified the separate insured and showed the dates Plaintiff first and last appeared on the policy.

65. Defendant LNRS violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy of the consumer information, including Plaintiff's insurance claim history, it published and maintained concerning Plaintiff.

66. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damages alleged herein.

67. Defendant's conduct, actions, and inactions was willful, or at least negligent, rendering it liable for actual damages, statutory damages, punitive

damages, and attorney's fees and costs in an amount to be determined by the Court under 15 U.S.C. §§ 1681n and 1681o.

**COUNT II**
**Violation of 15 U.S.C. § 1681i**

68. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

69. The FCRA mandates that Defendant conduct a reasonable reinvestigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681i(a)(1). The FCRA imposes a 30-day time limit for the completion of such an investigation. *Id*.

70. The FCRA provides that if Defendant conducts its reinvestigation of disputed information and confirms that the information is, in fact, inaccurate or it is unable to otherwise verify the accuracy of the disputed information, it is required to delete the item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

71. Plaintiff initiated multiple disputes with Defendant concerning the State Farm Insurance Claims.

72. Defendant failed to respond to Plaintiff's disputes and conducted *no* investigation of Plaintiff's disputes, or such investigations, if any, were so

unreasonable as to allow patently false and highly damaging information to remain in Plaintiff's credit file.

73. Defendant violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which it received notice of Plaintiff's dispute; and by failing to maintain reasonable procedures with which to filter and verify information in Plaintiff's credit files.

74. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damages alleged herein.

75. Defendant's conduct, actions, and inactions was willful, or at least negligent, rendering it liable for actual damages, statutory damages, punitive damages, and attorney's fees and costs in an amount to be determined by the Court under 15 U.S.C. §§ 1681n and 1681o.

**COUNT III**
**Violations of 15 U.S.C. § 1681g**
**Failure to Provide Full File Disclosure**

76. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

77. Under 15 U.S.C. § 1681g, a consumer reporting agency must, upon

request and with proper identification, "clearly and accurately disclose to the consumer: (1) all information in the consumer's file at the time of the request; (2) the sources of that information; (3) the identification of each person who procured a consumer report; and (4) the dates, original inquiries, and recipient entities that accessed the consumer report."

78. Plaintiff submitted a written request to LexisNexis pursuant to 15 U.S.C. § 1681g, seeking a full file disclosure of all information in his credit file, along with the sources of the information and a record of all entities that had obtained his credit report. Plaintiff provided sufficient documentation to verify his identity, including his government issued ID and Social Security card.

79. Despite this valid request, LexisNexis failed to provide the required full file disclosure, instead sending a boilerplate notice claiming it could not locate Plaintiff's credit information.

80. By refusing to provide a complete and accurate disclosure, LexisNexis deprived Plaintiff of information necessary to identify the inaccurate entries in his file, trace the sources of those inaccuracies, and determine which third parties accessed his reports.

81. LexisNexis's failure to comply with 15 U.S.C.§1681g was willful, rendering it liable for statutory and punitive damages under 15 U.S.C.§1681n.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enters a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs, and awarding Plaintiff such other and further relief as the Court may deem appropriate and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this August 19, 2026

*/s/ Moshe Boroosan*
Moshe Boroosan, GA Bar #744128
CONSUMER ATTORNEYS PLLC
2800 N Druid Hills NE, Building A, Suite D,
Atlanta, GA 30329
T: (718) 874-6960
F: (718) 247-8020
E: mboroosan@consumerattorneys.com

*Attorneys for Plaintiff*
*Edgar Marzana Garcia*